IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE FIFTH VEDA, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-25-2111 |
| ACTION FRONT UNLIMITED, INC., | * | |
| Defendant, | * | |
| v. | * | |
| THE FIFTH VEDA, INC., | * | |
| Counter Defendant, | * | |
| and | * | |
| EDWARD KOWALCZYK, et al., | * | |
| Third-Party Defendants. | * | |

* * *

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff and Counter Defendant The Fifth Veda, Inc.'s ("Fifth Veda") Motion to Dismiss Counterclaims (ECF No. 34) and Motion to Strike Defendant's Amended Answer and Amended Counterclaims ("Motion to Strike") (ECF No. 38); Third-Party Defendants Edward Kowalczyk, Chris Hardin, and David Kostiner's (collectively, "Third-Party Defendants") Motion to Dismiss, or Alternatively Strike, Third-Party Complaint (ECF No. 33); and Defendant, Counter Plaintiff, and Third-Party Plaintiff Action Front Unlimited, Inc.'s ("Action Front") Motion for Leave to File Amended Answer ("Motion for Leave to Amend") (ECF No. 39). The Motions are ripe for

disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant Action Front's Motion for Leave to Amend, grant Fifth Veda's Motion to Strike, and deny as moot the motions to dismiss.

## I. BACKGROUND

This action arises from a trademark dispute over the following logo, used by the rock band 'LIVE' (the "Mark"):

LIVE

(Compl. ¶ 1, ECF No. 1).

Chad Taylor, Chad Gracey, Patrick Dalheimer, and Third-Party Defendant Edward Kowalczyk formed LIVE in 1984. (Compl. ¶ 31; Ans., Affirmative Defenses, Countercl. Against Pl., Third-Party Compl. Against Third-Party Defs.' ["Ans."] ¶ 31, ECF No. 26). Plaintiff and Counter Defendant Fifth Veda is a California corporation owned by Kowalczyk, who has served as LIVE's lead singer at various points in the band's history. (Compl. ¶¶ 2, 32; Ans. ¶¶ 2, 32). Defendant, Counter Plaintiff, and Third-Party Plaintiff Action Front is a Maryland corporation, formed in 1989 by the four original band members, "with each member as an equal 25% shareholder." (Compl. ¶¶ 31, 33; Ans. ¶¶ 31, 33).

In 1997 and 1999, Action Front obtained four trademark registrations from the United States Patent and Trademark Office ("PTO") for the Mark. (Compl. ¶ 46; Ans. ¶ 46). In 2020, however, the PTO cancelled the registrations because Action Front failed to renew them. (Compl. ¶ 47; Ans. ¶ 47).

Over the course of LIVE's history, disputes have arisen between the band's four founding members. (Compl. ¶ 35; Ans. ¶ 35). At various times, Taylor, Gracey, and Dalheimer have performed as LIVE without Kowalczyk. (Compl. ¶ 36; Ans. ¶ 36). During one such period, around 2009, Kowalczyk pursued a solo career. (Compl. ¶¶ 36, 39; Ans. ¶ 39). In 2012, Action Front sued Kowalczyk for trademark infringement over his use of the phrase "Ed Kowalczyk of LIVE"; Kowalczyk asserted counterclaims against Action Front and third-party claims against Taylor, Gracey, and Dalheimer. (Compl. ¶ 40; Ans. ¶ 40). In 2013, the parties settled their dispute by written agreement (the "2013 Settlement Agreement"). (Compl. ¶ 41; Ans. ¶ 41). Kowalczyk, Taylor, Gracey, and Dalheimer later resumed touring together as LIVE; they performed together for several years, until the start of the COVID-19 pandemic. (Compl. ¶ 45; Ans. ¶ 45).

In 2022, Kowalczyk desired to resume touring and performing as LIVE. (Compl. ¶ 51; Ans. ¶ 51). Accordingly, Kowalczyk and Fifth Veda negotiated with Action Front for license of Action Front's trademarks. (Compl. ¶ 52; Ans. ¶ 52). Ultimately, Taylor, Gracey, and Dalheimer, as individual shareholders of Action Front, granted Fifth Veda a license to use the Mark in connection with musical performances and related activities. (Compl. ¶ 54; Ans. ¶ 14).

On December 29, 2023, Gracey filed suit against Fifth Veda, Action Front, and Kowalczyk in the Court of Common Pleas of York County, Pennsylvania, alleging, among other counts, fraudulent misrepresentation and breach of contract. (Compl. ¶ 62; Decl.

Chad Gracey ["Gracey Decl."] at ¶ 8, ECF No. 11-2; Gracey Decl. Ex. 1 ["Dec. 2023 Compl."] at 4–15, ECF No. 11-2).[1]

On May 21, 2024, Fifth Veda's trademark attorneys obtained trademark Registration No. 7390329 from the PTO to use the Mark on hoodies and t-shirts. (Compl. ¶¶ 5, 59; Ans. ¶¶ 5, 59). On January 14, 2025, Fifth Veda's trademark attorneys procured trademark Registration No. 7647160 to use the Mark for "entertainment services in the nature of live musical performances." (Compl. ¶¶ 5, 60; Ans. ¶¶ 5, 60). Fifth Veda's attorneys listed Action Front as the registrant on both trademark registrations. (Compl. ¶¶ 59–60; Ans. ¶¶ 59–60).

Fifth Veda brought the instant action against Action Front on July 1, 2025, seeking declaratory judgment as to non-infringement of trademark (Count I), correction of trademark registration (Count II), declaratory judgment and injunctive relief prohibiting threats or falsehoods concerning Fifth Veda's right to use the Mark (Count III), and cancelation of the May 21, 2024, and January 14, 2025, trademark registrations (Count IV). (Compl. at 14–17). On September 12, 2025, Action Front filed a Motion to Dismiss, or in the alternative, Motion to Stay this action under the Colorado River abstention doctrine pending the resolution of the 2023 state court action. (Notice Mot. Dismiss or, in the Alternative, Mot. Stay, ECF No. 11; Mem. L. Supp. Mot. Dismiss or, in the Alternative, Mot. Stay at 5–6, ECF No. 11-1). On June 2, 2026, the Court issued an Order construing Action Front's motion as a Motion to Dismiss, denying the motion as to Count I of the

[1] Citations to page numbers refer to the pagination system assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Complaint, and granting the motion as to all other counts (Counts II–IV). (June 2, 2026 Order at 5, ECF No. 25). The Court determined that the federal and state actions were not "parallel" and therefore declined to abstain from exercising jurisdiction over the federal action. (Id. at 4); see Vulcan Chem. Techs., Inc. v. Barker, 297 F.3d 332, 340–41 (4th Cir. 2002) (noting that "[u]nder the principles of [Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976)], federal courts may abstain from exercising their jurisdiction" over actions "seek[ing] to apply the same law" as "competing parallel" state actions under "exceptional circumstances" where abstention is clearly favored).

On May 15, 2026, Action Front answered the Complaint and asserted Counterclaims against Fifth Veda for trademark infringement under 15 U.S.C. § 1114 (Counterclaim I), false designation of origin under 15 U.S.C. § 1125(a) (Counterclaim II), and breach of the 2013 Settlement Agreement (Counterclaim III). (Ans. at 1, 25–28). In addition, Action Front filed a Third-Party Complaint against Kowalcyzk; Fifth Veda's manager, Chris Hardin; and Fifth Veda's attorney, David Kostiner, alleging trademark infringement (Count I), false designation of origin (Count II), and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count III). (Ans. at 31–38). The Third-Party Complaint also alleged breach of fiduciary duty (Count IV), and accounting (Count V), against Kowalczyk. (Id. at 38–39).

On July 27, 2026, Third-Party Defendants filed a Motion to Dismiss, or Alternatively Strike, Third-Party Complaint, (ECF No. 33), and Fifth Veda filed a Motion to Dismiss Counterclaims, (ECF No. 34). On August 10, 2026, the parties filed a consent motion to extend the time for Action Front to file an opposition to the motions to dismiss

to August 24, 2026, (ECF No. 35); the Court granted the consent motion the next day, (ECF No. 36). On August 20, 2026, instead of filing an opposition, Action Front filed an Amended Answer to Count I of the Complaint; Separate Defenses; and Amended Counterclaims Against the Fifth Veda, Inc., Edward J. Kowalczyk, Chris Hardin, and David Kostiner ("Amended Answer"). (ECF No. 37). Action Front's Amended Answer asserts Counterclaims against Fifth Veda and Third-Party Defendants for trademark infringement (Counterclaim I), false designation of origin (Counterclaim II), fraudulent procurement of registration in violation of 15 U.S.C. § 1120 (Counterclaim III), breach of the 2013 Settlement Agreement and Memoranda of Understanding executed by Kowalczyk, Taylor, Gracey, and Dalheimer in 2022 (the "2022 MOUs") (Counterclaim IV), unjust enrichment (Counterclaim V), and violations of RICO (Counterclaim VI); it does not assert any third-party claims. (Am. Ans. Def. Action Front Unlimited, Inc. Count I Compl.; Separate Defenses; Am. Countercls. Against The Fifth Veda, Inc., Edward J. Kowalczyk, Chris Hardin, David Kostiner ["Am. Ans."] at 24–51, ECF No. 39-2).

Fifth Veda moved to strike the Amended Answer on August 27, 2026, contending that Action Front had filed the amended pleading "out of time, without leave of Court, and without [Fifth Veda's] written consent," in violation of Federal Rule of Civil Procedure 15(a)(2), and had not filed a marked copy of the pleading or the nine exhibits referenced therein, as required under Local Rule 103.6(b)–(c) (D.Md. 2025). (Pl.'s Mot. Strike Def.'s Am. Ans. ["Mot. Strike"] ¶¶ 1–3, ECF No. 38). On September 3, 2026, Action Front filed a Motion for Leave to Amend, (ECF No. 39), to which it attached marked and unmarked versions of the Amended Answer and the nine exhibits referenced therein, (ECF No. 39-

2). That same day, Action Front opposed the Motion to Strike. (ECF No. 40). On September 17, 2026, Fifth Veda replied to Action Front's opposition, (ECF No. 41), and opposed the Motion for Leave to Amend, (ECF No. 42). Action Front replied to Fifth Veda's opposition on September 21, 2026. (ECF No. 43).

## II. DISCUSSION

### A. Motion for Leave to Amend

#### 1. Standard of Review

A party may amend its complaint once as a matter of course within twenty-one days of serving it or within twenty-one days after the defendant files a motion to dismiss. Fed.R.Civ.P. 15(a)(1). For all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). When seeking leave to amend from this Court, a party must submit a copy of the proposed amended complaint, a red-lined comparison to the initial complaint, and any newly added exhibits. See Local Rule 103.6(a)–(c) (D.Md. 2025). In general, a "court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Importantly, though, justice does not require permitting leave to amend when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. See Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001).

#### 2. Analysis

Fifth Veda asserts that the Court should deny Action Front's Motion for Leave to Amend because the proposed amendment would be prejudicial, because Action Front has exhibited bad faith, and because the proposed amendment would be futile. (Mem. L. Opp'n

Mot. Leave Amend ["Pl.'s Opp'n"] at 1, ECF No. 42). The Court will address each argument in turn.

**a. Prejudice**

As set forth above, leave to amend a pleading is properly denied when amendment would prejudice the opposing party. Edell & Assocs., 264 F.3d at 446. In determining whether an amendment is prejudicial, the Court considers the nature of the amendment and its timing. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). The further a case has progressed, the more likely it is that amendment will be prejudicial. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (4th Cir. 2012). "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" Laber, 438 F.3d at 427 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986)).

By contrast, an amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." Id. (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)); see also Kalos v. Law Offs. of Eugene A. Seidel, P.A., No. JCC-09-833, 2009 WL 4683551, at *3 (E.D.Va. Dec. 3, 2009) ("Because the trial date is not yet set and no discovery has been taken, the Court finds that allowing leave to amend the Amended Complaint would not be unduly prejudicial to Defendants."). Additionally, an amendment is not prejudicial if the plaintiff does not add new claims or parties. See Heavener v. Quicken Loans, Inc., No. 3:12-CV-68, 2013 WL 1314563, at *3 (N.D.W.Va. Mar. 26, 2013) ("Defendants will not be

prejudiced by the amendments as Plaintiff has only added more facts to support his claim—he has not alleged new claims or added new parties.”).

Here, Action Front asserts that amendment would not be prejudicial to Fifth Veda and Third-Party Defendants because the instant case “remains at the pleading stage” and because the Court has not yet entered a scheduling order setting deadlines for discovery, joinder of parties, or amendments to pleadings. (Mem. L. Supp. Mot. Leave Amend [“Def.’s Mem.”] at 8, ECF No. 39-1). Fifth Veda Counters that although the case remains at the pleading stage and no scheduling order deadline has passed, amendment would nevertheless be prejudicial because the Amended Answer presents a “materially different case” from the one presented in Action Front’s original Answer. (Pl.’s Opp’n at 9–11). The Court agrees with Action Front.

As Fifth Veda points out, the Amended Answer contains Counterclaims that Action Front did not plead in its original Answer. For example, the Amended Answer adds claims for fraudulent procurement of registration and unjust enrichment (Counterclaims III & V). (Am. Ans. at 36, 41). In addition, Action Front now alleges breach of the 2013 Settlement Agreement and the 2022 MOUs (Counterclaim IV). (Id. at 37–41; Ans. at 27; see Am. Ans. Ex. 7 [“2022 MOUs”] at 78–84, ECF No. 39-2). Finally, Action Front’s Amended Answer expands its RICO claim to include seven predicate acts: the three pled in the original Answer plus an additional four. (Am. Ans. at 42–48; Ans. at 34–36).

These additions, however, do not go so far as to make this a “materially different case” than the one pled in Action Front’s original Answer. The newly added fraudulent procurement of registration claim rests on facts nearly identical to those supporting Action

Front's original RICO claim. (See Ans. at 35–36 (alleging that in August 2022, Kowalczyk and Kostiner, 'acting through and on behalf of [Fifth Veda] . . . transmitted . . . false and fraudulent trademark application[s] . . . [and] falsely represented that they possessed the requisite authority and consent to seek federal registration of the LIVE Mark"); Am. Ans. at 36 (alleging that in August 2022, "Kostiner, acting on behalf of and at the direction of Kowalczyk and [Fifth Veda]," submitted trademark applications "contain[ing] false and fraudulent representations regarding the consent and authorization of [Action Front] shareholders")). Likewise, the newly added unjust enrichment claim rests on facts nearly identical to those supporting Action Front's original breach of contract claim. (See Ans. at 26, ¶ 58 (alleging that Fifth Veda and Kowalczyk "have generated substantial revenues from live performances and merchandise sales conducted under the LIVE brand since at least 2022"); Am. Ans. at 41, ¶ 83 (alleging that Fifth Veda and Kowalczyk "have received and retained substantial revenues and profits from the exploitation of the LIVE Mark . . . from live performances, merchandise sales, ticket sales, and related commercial activities, since at least 2022")). In other words, the addition of these claims is not prejudicial because they "merely add [ ] additional theor[ies] of recovery to the facts already pled." Laber, 438 F.3d at 427 (citing Davis, 615 F.2d at 613).

Action Front's expansion of its breach of contract and RICO claims would not prejudice Fifth Veda and Third-Party Defendants, either, because even if the expanded claims rely on facts not contained in Action Front's original Answer, (see Pl.'s Opp'n at 10), they are "offered before any discovery has occurred." Laber, 438 F.3d at 427 (citing Davis, 615 F.2d at 613) (noting that "[w]hether an amendment is prejudicial will often be

determined by the nature of the amendment and its timing" (emphasis added)). Compare Heavener, 2013 WL 1314563, at *2–3 (finding that amendment to complaint, before any discovery, would not prejudice defendants because plaintiff had "only added more facts to support his claim" and had "not alleged new claims or added new parties"), with Equal Rts. Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603–04 (4th Cir. 2010) (affirming denial of motion for leave to amend based in part on trial court's finding that addition of a new claim "after the close of a three-year long discovery process and on the eve of the deadline for dispositive motions would have required it to reopen discovery and thereby prejudice" the opposing party (emphasis added)), and Macsherry v. Sparrows Point, LLC, No. ELH-15-22, 2016 WL 8669914, at *10–11 (D.Md. Oct. 28, 2016) (finding that addition of new claim "based on entirely new facts" after discovery and in the case's third year of litigation would prejudice defendants).

Finally, although Action Front seeks to "move[ ] Kowalczyk, Hardin, and Kostiner from third-party defendants to counterclaim defendants," (Pl.'s Opp'n at 10), it does not seek to add any new parties. See Heavener, 2013 WL 1314563, at *3.

Accordingly, the Court finds that the proposed amendments would not be unduly prejudicial.[2]

---

[2] Fifth Veda further asserts that it and Kowalczyk would be prejudiced by having to "defend claims based on the same facts and same contracts in two forums at the same time." (Mem. L. Opp'n Mot. Leave Amend ["Pl.'s Opp'n"] at 11, ECF No. 42). This argument misses the mark for several reasons. First, as stated above, the Court has already determined that this action and the state court action filed by Gracey are not parallel and has declined to abstain from exercising jurisdiction over this action on that basis. (June 2, 2026 Order at 4, ECF No. 25). Second, Fifth Veda identifies Counterclaim I (trademark infringement), Counterclaim II (false designation of origin), Counterclaim IV (breach of the 2013

**b. Bad Faith**

Fifth Veda next contends that Action Front exhibited "bad faith and dilatory motive" when it drafted and filed a consent motion to extend its deadline for opposing the motions to dismiss, only to then amend its pleading with new claims instead of filing an opposition. (Pl.'s Opp'n at 13–14). Action Front asserts that although its extension request and the Court's order granting that request "used the word 'Opposition,'" (Def.'s Mem. at 7), its counsel "reasonably understood" that amending its pleading to "cur[e] the deficiencies [Fifth Veda] had identified, rather than filing a written opposition defending a pleading [it] had already decided to revise, as a proper use of that time." (Reply Mem. L. Supp. Mot. Leave Amend at 6, ECF No. 43).

The Court agrees with Action Front that its decision, after concluding that an amended pleading was necessary, not to first expend time and resources responding to motions to dismiss that would later become moot upon its filing of an amended pleading, does not reveal an "obvious design by dilatoriness to harass [its] opponent[s]." Davis, 615

Settlement Agreement and 2022 MOUs), and Counterclaim V (unjust enrichment) as the alleged sources of prejudice; however, Action Front alleged trademark infringement, false designation of origin, and breach of the 2013 Settlement Agreement in its original Answer. (Ans., Affirmative Defenses, Countercl. Against Pl., Third-Party Compl. Against Third-Party Defs.' ["Ans"] at 25–27, 32–33, ECF No. 26). Fifth Veda and Kowalczyk would not be prejudiced by Action Front's reassertion of those claims in its Amended Answer. Third and finally, the Court notes that it was Fifth Veda, not Action Front, that filed this case in federal court while the state court action was pending. Fifth Veda cannot now claim to be prejudiced by its own litigation strategy.

F.2d at 613. Accordingly, the Court finds that Action Front's request to amend its pleading is not the result of bad faith or dilatory motive.[3]

**c. Futility**

Leave to amend is futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

[3] Fifth Veda contends as well that Action Front has exhibited bad faith by amending its state court crossclaims seven times and by filing its Seventh Amended Crossclaim "twenty days after this Court denied abstention, and seven days after Action Front filed" its original Answer "asserting substantively the same causes of action." (Pl.'s Opp'n at 15). It further contends that Action Front exhibited bad faith when it initially filed its Amended Answer without leave, consent, a marked copy, or the nine exhibits referenced therein. (Id. at 16). Both assertions miss the mark. First, and again, the Court has already determined that this action and the state court action are not parallel, (June 2, 2026 Order at 4), and Fifth Veda does not ask the Court to reconsider that determination, (see Pl.'s Opp'n at 15). Additionally, the fact that the state court has allowed Action Front to amend its crossclaims in the state action seven times, without more, does not reveal an "obvious design by dilatoriness to harass [Action Front's] opponent[s]." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). Nor does its initial filing of its Amended Answer out of compliance with Federal Rule of Civil Procedure 15(a)(2) and Local Rule 103.6. Action Front first filed its Amended Answer, (ECF No. 26), on August 20, 2026—only three days after its deadline for filing an amended pleading "as a matter of course" had passed. Fed.R.Civ.P. 15(a)(1); see id. at 15(a)(1)(B) (providing that "if [a] pleading is one to which a responsive pleading is required," a party has the earlier of "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)" to amend its pleading "as a matter of course"). Once Fifth Veda noted the deficiencies in Action Front's filing in its Motion to Strike, (ECF No. 38), Action Front filed its Motion for Leave to Amend, which cured the noted deficiencies. The Court does not find that Action Front took these actions in bad faith.

544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

To determine whether a proposed amendment would be futile, courts do not conduct "an evaluation of the underlying merits of the case." Kolb v. ACRA Control, Ltd., 21 F.Supp.3d 515, 522 (D.Md. 2014) (quoting MTB Servs., Inc. v. Tuckman-Barbee Constr. Co., No. RDB-12-2109, 2013 WL 1819944, at *3 (D.Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC, No. CCB-11-986, 2012 WL 37397, at *3 (D.Md. Jan. 5, 2012) (alteration in original) (quoting Davis, 615 F.2d at 613); Williams v. Cello P'ship, 825 F.Supp.3d 551, 563–64 (D.Md. 2026) (quoting Next Generation Grp., 2012 WL 37397, at *3). A Court should only deny leave to amend based on futility "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510–11 (citations omitted) (noting that "[t]he complexity of the arguments advanced by counsel on both sides indicates that the issue . . . is not obviously frivolous"); see Next

Generation Grp., 2012 WL 37397, at *3 ("[W]ithout addressing the ultimate merits of the claims, the court finds that [plaintiff's] second amendment is warranted because at least some of its claims are not futile.").

Here, Fifth Veda asserts that amendment would be futile because Counterclaims I, III, IV, V, and VI would not survive a motion to dismiss for failure to state a claim. (Pl.'s Opp'n at 16–24). The Court finds that "at least some of [Action Front's] claims are not futile," Next Generation Grp., 2012 WL 37397, at *3, and therefore disagrees.

First, Fifth Veda asserts that Counterclaim I (trademark infringement) fails to state a claim because section 32 of the Lanham Act "confers a cause of action" for trademark infringement "only on the 'registrant' of a 'registered mark,'" and Action Front "fails to plead a registration on which [it] can sue." (Pl.'s Opp'n at 16 (quoting 15 U.S.C. § 1114(1))). Action Front alleges in the Amended Answer, however, that it "is the named registrant of record on United States Trademark Registration Nos. 7390329 and 7647160." (Am. Ans. ¶ 15). Counterclaim I, therefore, is not futile.

Second, Fifth Veda contends that Counterclaim III (fraudulent procurement of registration) is futile because section 38 of the Lanham Act limits recovery by a party injured "by the procurement of a registration through false or fraudulent means" to "'any damages sustained in consequence thereof,'" and Action Front has failed to plead any such damages. (Pl.'s Opp'n at 14 (quoting 15 U.S.C. § 1120)). Action Front alleges under Counterclaim III, however, that "[a]s a direct and proximate result of the fraudulent procurement" of Registration Nos. 7390329 and 7647160, it has "suffered actual damages in the form of . . . $19,056.65 in trademark-related costs" and in the form of "unpaid

royalties and lost licensing revenue proximately caused by [Fifth Veda's] reliance on the fraudulently procured Registrations." (Am. Ans. ¶ 63). Counterclaim III is not futile.

Next, Fifth Veda asserts that Counterclaims VI (breach of the 2013 Settlement Agreement and 2022 MOUs) and V (unjust enrichment) are "procedurally futile under the rule against claim splitting," which "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." (Pl.'s Opp'n at 19 (quoting Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp., 273 F.App'x 256, 265 (4th Cir. 2008))). The rule against claim splitting provides, however, that "[w]hen one suit is pending in federal court, a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.'" Sensormatic, 273 F.App'x at 265 (emphasis added) (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000)). That is not what occurred in the instant case. The other "pending suit" is the state court action that Gracey filed in 2023; further, it was Fifth Veda, not Action Front, that filed the instant action with this Court. Moreover, the Court has declined already to abstain from exercising jurisdiction over this action pending the resolution of the state court action. (See June 2, 2026 Order at 4). Counterclaims IV and V are not futile.[4]

[4] In addition, Fifth Veda contends that Counterclaim V is futile because under Maryland law, "generally, quasi-contract claims such as . . . unjust enrichment cannot be asserted when an express contract defining the rights and remedies of the parties exists." (Pl.'s Opp'n at 20 (quoting Cnty. Comm'rs v. J. Roland Dashiell & Sons, Inc., 747 A.2d 600, 610 (Md. 2000))). This Court, however, has expressly rejected the argument that a party can "plead[ ] itself out" of an unjust enrichment claim by asserting a claim for breach of contract in the same pleading. Abbella Grp. Healthcare, LLC v. Qualivis, LLC, No. JMC-24-331, 2025 WL 2430018, at *10 n.14 (D.Md. Aug. 22, 2025) ("The Court does not

Finally, Fifth Veda argues that Counterclaim VI (violations of RICO) is futile because none of the seven predicate acts alleged by Action Front can serve as predicate acts of racketeering activity under RICO. (Pl.'s Opp'n at 21). Action Front concedes that the first, second, third, fourth, and seventh predicate acts alleged in the Amended Answer, each of which relates to Kowalcyzk and Kostiner's transmission of alleged fraudulent material to the PTO, "do not support the RICO counterclaim" because "a trademark registration is not 'property' in the hands of the issuing agency for purposes of the mail and wire fraud statutes." (Def.'s Mem. at 12; see Am. Ans. at 43). As for predicate acts five and six, alleging that Kowalczyk transmitted filings to the Maryland Department of Assessments and Taxation "for the purpose of executing [a] scheme to defraud" Action Front by "seiz[ing] control of [its] corporate identity and trademark rights," (Am. Ans. at 46–47), "[t]he complexity of the arguments advanced by counsel on both sides indicates that the issue . . . is not obviously frivolous." Johnson, 785 F.2d at 510.

On one side, Fifth Veda argues that neither predicate act five (incorporating a new Maryland corporation under the name "Action Front Unlimited, Inc." and designating Kowalczyk as the sole director) or predicate act six (filing a resolution with the Maryland Department of Assessments and Taxation to change the principal office of "Action Front Unlimited, Inc.") constitutes criminal wire fraud because Action Front "expressly pleads that neither [transmission] contained 'any single false statement'" and because "[w]hat those transmissions are alleged to have obtained . . . [are] acts of state regulatory

---

view this common pleading practice as necessitating dismissal, where, as here, a party pleads an unjust enrichment claim as an alternate theory of relief.").

dispensation, not money or property." (Pl.'s Opp'n at 22 (quoting Am. Ans. ¶ 107); see Am. Ans. 46–48). On the other side, Action Front contends that a transmission itself need not contain a fraudulent statement to constitute an act of wire fraud as long as it is "incident to an essential part" of a scheme to defraud. (Def.'s Mem. at 13 (quoting Schmuck v. United States, 489 U.S. 705, 711–12, 715 (1989))). It further asserts that its allegations that Kowalczyk and Kostiner "used the fraudulent . . . filings as instruments in a scheme directed at traditional commercial property belonging to [Action Front]," including its trademark rights, "concern traditional property interests." (Id.). Given the complexity of the Parties' arguments, the Court does not find that Action Front's proposed amendment to its RICO claim "is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510 (citations omitted).

Accordingly, the Court finds that granting Action Front leave to file its Amended Answer would not be futile in this case. The Court, therefore, will grant Action Front's Motion for Leave to Amend.[5]

## B. Motion to Strike

### 1. Standard of Review

This Court may grant a motion to strike an amended pleading for failure to comply

[5] Action Front's proposed Amended Answer, attached as Exhibit 2 to its Motion for Leave to Amend, includes a clean version of the amended pleading, a marked version of the amended pleading, and the nine exhibits referenced in the amended pleading, all combined in a single document. (See generally Am. Ans. Def. Action Front Unlimited, Inc. Count I Compl.; Separate Defenses; Am. Countercls. Against The Fifth Veda, Inc., Edward J. Kowalczyk, Chris Hardin, David Kostiner, ECF No. 39-2). The Court will direct Action Front to refile its Amended Answer with the marked copy and each of the nine referenced exhibits included as separate attachments.

with the requirements of Federal Rule of Civil Procedure 15 and Local Rule 103.6 (D.Md. 2025). See Whichard v. Specialty Rests. Corp., 220 F.R.D. 439, 440, 442 (D.Md. 2004) (granting motion to strike amended complaint filed without leave of court, as required by the Federal Rules of Civil Procedure, and without both a "clean" copy of the amended pleading and a copy "with amendments highlighted," as required by the Local Rules).

**2. Analysis**

As explained above, Action Front initially filed its Amended Answer on August 20, 2026. (ECF No. 37). Action Front did so three days after its deadline for filing an amended pleading "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1) had passed and without seeking Fifth Veda's consent or the Court's leave as required by Federal Rule of Civil Procedure 15(a)(2). See Fed.R.Civ.P. 15(a)(1)(B) (providing that "if [a] pleading is one to which a responsive pleading is required," a party has the earlier of "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)" to amend its pleading "as a matter of course"); id. at 15(a)(2) (providing that after the expiration of the deadline under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave"). In addition, Action Front filed ECF No. 37 without attaching the nine "newly added exhibits," Local Rule 103.6(b) (D.Md. 2025), and without "a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type," id. at 103.6(c).

The Court, therefore, will grant Fifth Veda's Motion to Strike the Amended Answer

filed at ECF No. 37.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Action Front's Motion for Leave to Amend (ECF No. 39) and Fifth Veda's Motion to Strike (ECF No. 38) and will deny as moot Fifth Veda's Motion to Dismiss Counterclaims (ECF Nos. 34) and Third-Party Defendants' Motion to Dismiss, or Alternatively Strike, Third-Party Complaint (ECF No. 33). A separate Order follows.

Entered this 2nd day of November, 2026.

/s/
George L. Russell, III
Chief United States District Judge